May it please the Court, Michael Cohen on behalf of the appellant. Firstly, I'd like to ask whether there's anything the Court would like me to address specifically. Well, I think there's really only one issue in this case, and that's the interpretation of the attorney's fees provision. So speaking for myself, that was the crux of this case. We think so, too, Your Honor. And it seems to us that the major factor, the major indicia which really shows it is the fact that the appellee's law firm has taken two separate positions on the fee. The trial attorney took the position in the letter on AER 45 that the fee applies, that there is an attorney fee which applies in collection cases, which would basically make our case, because under California Civil Code 1717 and the Boyd case cited on page 15 of our brief, the the if an attorney fee clause applies to anything in a contract, it applies to everything. Well, I suppose that's interesting, but we have to determine whether or not the district court got it right. Not whether the attorneys got it right. So why don't you address what the district court did that you think was not consistent with governing law? The district court decided that the clause was entirely unambiguous. And I don't think I have adjocacy strong enough to declare how wrong that is. Well, there's an explicit reference here. Sure. That each party pays its own fees. It's in the clause of the contract, isn't it? This comes in the context of the whole clause, which is entitled, collection costs and attorney fees. In California, I think every other jurisdiction I know, the surest way not to have attorney fees apply is not to mention it at all. Because under the American rule, you don't get attorney fees in a contract case unless it's in the contract. So if somebody says the losing party pays the costs, provided, however, provided, however, the party shall bear their own attorney's fees, it's very difficult to prize an ambiguity out of that. Sure. If it isn't, then any time a lawyer says X, provided, however, Y, it's ambiguous. This is particularly ambiguous. We have a clause that says we need to hire attorneys and we need to hire outside attorneys, and therefore we're going to incur costs and fees, and therefore It doesn't say that. It says the agreement may be referred to an attorney who is not our employee for collection. In such an event, you agree to pay all reasonable costs of collection to the extent permitted by law, including court costs, disbursements, and other lawful charges incurred in the collection, provided, however, that each party will pay its own attorney's fees. Given the context in which you have an attorney fee clause, that's the title of the clause, and it emphasizes to the reader that we have to hire attorneys and we get all costs provided by law, and then it says, oh, by the way, no attorney fees. Come on. If they didn't say provided no attorney's fees, then you'd be standing in front of us making a somewhat plausible argument that we read some of the cases and say, well, when they say costs, it must include attorney's fees. So the lawyer drawing says, whoops, I said costs, I'm going to say except not attorney's fees, and therefore the clause has to refer to attorney's fees, does it not? Why does it mention attorney fees at all? There's no need to mention attorney's fees, because if it says costs, some people have argued and some courts have held that if they say, you will pay all the costs of collection, some have said cost of collection includes attorney's fees. So if you're a careful lawyer, when you say, I want those guys to pay my cost of collection, you better say, except attorney's fees, but hadn't you? But it's – I don't think so. I think that what happens is that you – Are there not cases that say that? That if you say, if you're losing, the party shall pay all costs of collection, are there not cases that say, that includes attorney's fees? Only if the clause mentions attorney fees. The clause says attorney fees. If it's – and furthermore, it doesn't really have to say that, because the costs of collection are – are – it's superfluous under the law, because the costs of collection are – are awarded to the prevailing party anyhow. Yeah, well, when you say give, devise, and bequeath, that's superfluous, too. But, you know, lawyers have a way of always being superfluous to be careful. And sometimes they create massive ambiguities by doing that. But it's very difficult to find an ambiguity that says, there shall be no attorney's fees. But if you – if the clause was not ambiguous in that way, why would anybody interpret it as including attorney fees for collections? In fact, anybody who reads it in a normal way will think that exactly what the appellee's or trial attorney said in his brief – excuse me, in his letter, which is part of a federally mandated meet and confer process before attorney fees are awarded, that it applies to collection. In other words, it's ambiguous. In other words – and it should be construed against the drafter. I understand. Thank you. Okay. Would you like to save any time for rebuttal? I am saving time for rebuttal, Your Honor. I forgot to mention it. Thank you very much. I would like to also mention a case I just came across which was decided after or right about the time of the appellant's closing brief here, and that is SBC Inc. v. St. Paul Fire and Marine. And – What jurisdiction? This is a California case, 2010, 186 Calab Fourth, 383 at 389. And it says if the terms of a – it's an insurance contract case. However, it says that these rules, and it's interpreting basically following up clarifying California law, it says that these terms are – you interpret a regular contract this way. You don't need an insurance contract. You don't need an adhesion contract. But we do have an adhesion contract, and we do have a contract drafted by the stronger party, not even looked at by the other party. So the intent of the parties is irrelevant. But that case says that if the terms of a contract are in any way or any respect ambiguous or uncertain, then you seek the objectively reasonable expectations of the non-drafting party, in that case the insured. And if that does not resolve the ambiguity, you resolve against the drafter. That's nothing new. It is nothing new, but it makes clear that if there is any ambiguity – and there is ambiguity here because of the fact that there is no reason to have all of that buildup about attorney fees at the beginning of the – at the beginning of the clause. I see that my two minutes is coming up. Thank you very much, Your Honor. All right. Thank you, counsel. Good morning, Your Honor. Michael Johnson representing the appellees in this case. We feel that this clause is clear and unambiguous. It talks about costs, and then it clearly says, provided that, each party is going to bear its own attorney's fees. That's the appropriate interpretation. It's a fair interpretation. The appellees or the appellants under the circumstances of this clause didn't waive anything. They didn't assume any obligation that they wouldn't have otherwise had under the American rule. The American rule is well established. Each side bears their own fees and costs. That's what this clause says. I'd object to citing a new case. There was no Rule 20HA letter sent, and I haven't had a chance to review the case. But it doesn't say anything new. It doesn't sound like it says anything new. I agree with that. Also, we agree that the issue here is whether the trial court properly interpreted the clause, and we feel that the trial court did. But what's your response to his argument regarding the letter from counsel that incorporated that clause to say we're going to be getting attorney's fees? What's your response to that? Well, that's not what the letter says. What does the letter say, in your view? Where is it in the record? Page 45, I believe, of the Appellants' Excerpts of Record, if I recall correctly. And this was a meet-and-confer letter. You know, this was not a position taken in court. And what it says So what's the significance of it being a meet-and-confer letter? You're not bound by it? Is that what you're saying? What I'm saying is it has no significance in terms of it wasn't before the trial court at the time of the – I mean, it wasn't the basis for a trial court's decision, first of all. I'm not sure if it was part of the papers that were submitted to the trial court. Why is it in the record, then? Well, okay. It was attached as an exhibit to one of their documents. It was attached as an exhibit to their declaration. Okay. So it's part of the record. That's correct. Okay. So. What the letter says, and this was the trial counsel, quote, To date you have not forwarded any authority which would allow your clients to recover attorney's fees despite the clear language in the contract that each side is responsible for their own attorney's fees in the universe of claims that fall outside collection for the indebtedness incurred for the professional services relevant. Right. So the implication is collection, attorney's fees, everything else, no attorney's fees. So why doesn't that make the clause ambiguous if the – if counsel for the – for Keystone interpreted it that way? Well, I think the fact that there may be some loose language here doesn't shed light on the interpretation of the clause. You know, what may be more probative is the fact that my understanding is attorney's fees were never claimed in the complaint here, and the complaint wasn't included with the record, but – and it's not discussed in the briefs. But this is not interpretation of the language. This was maybe some loose verbiage by trial counsel in a meet and confer letter. He does say there's no authority that allow the plaintiffs to recover attorney's fees despite the clear language of the contract. Clear language of the contract is what it is. Yeah, but that could just mean the plaintiffs can't collect fees, but we can. There's a clear distinction in the law, as Your Honors are all well aware, between costs and attorney's fees. This clause talks about costs. It talks about collection. It says it may be referred to an attorney who is not our salaried employee for collection or enforcement. In such event, you agree to pay all reasonable costs of collection, costs of collection to the extent permitted by law. Attorney's fees aren't permitted by law. They're permitted by contract, first of all. So clearly, they're talking about costs of law. But if you include attorney's fees in a contract, then it's permitted by law. Yeah. No, costs and attorney's fees are distinguishable under the court. There's a lot of case law about that. And we say that. Well, that's not true, because if, as Judge Fernandez pointed out, if the contract merely said costs, and you mention attorney, hiring an attorney in the same clause, it could reasonably be interpreted as including attorney's fees within the definition of costs. Understood. And it says here, costs of collection to the extent permitted by law, including then it gives an example, and we can go back to the rule of ad justum generis. It talks about costs, disbursements, other lawful charges incurred in the collection  It doesn't mention attorney's fees. But then it clearly says, provided, however, okay, that each party shall pay its own attorney's fees incurred in connection with any collection effort or any other dispute of any nature. So there may be some broad language, but then there's a specific carve-out that tells the parties, consistent with the American rule, that each party is going to bear their own attorney's fees and costs. I would submit that it would be very unfair. You know, let's put the shoe on the other foot here. Suppose the plaintiffs had lost a trial. With this language, it would seem to me quite unfair for us to then come in and say, well, we want our attorney's fees back, especially under the circumstances that these kind of agreements are entered into. So what's fair here is that at least though It's not inconceivable that that could have, that that would have happened. That's not inconceivable. If I was the attorney, Your Honor, it would be inconceivable. I would not make that argument. I think it would be contrary to my ethical obligations to make that argument because of this clear language if we had won at trial. So in my opinion, the Supreme Court must be fair. Well, apparently the attorney who wrote this letter didn't share your view. I don't think that's a fair statement of what is actually written in the letter there. We've taken a, we took a very clear position that the language is clear, that you should not try to manufacture an ambiguity by separating this short paragraph into two parts. But the letter mentioned attorney's fees for collection, excuse me, activities. Didn't it? It does. It does. The letter says what it says, Your Honor. And I don't think that loose verbiage by trial counsel changes the interpretation. I was just, I was just responding to your position that it's inconceivable that attorney's fees would be sought if Keystone was successful. Okay. Well, that's from my standpoint, Your Honor. But the bigger point is that what was, what this says is fair. The fair outcome here is to apply what the clause says, which is, provided, however, each party shall pay its own attorney's fees incurred in connection with any collection effort or any other dispute. So I feel we do have clear language here. It's unambiguous. I think a reasonable person reviewing this would understand that the second provision provided, however, provision, means what it says, that each party is to bear its own attorney's fees and costs, which is what the district court correctly found. In the absence of any other questions, I'll submit for that. Thank you, counsel. Thank you, Your Honor. Rebuttal. Just a couple of points, Your Honor. Thank you very much. First of all, there's a difference between these two sections in the language itself. The second part, which says no attorney fees, says no attorney fees for collection effort or any other disputes, et cetera. But the first part says all reasonable, it says, excuse me, collections or enforcement, and the defense case, the plaintiff's case, rather, was for enforcement. The attorney fee, the specific attorney fee clause there that the appellees are relying on does not mention enforcement. And in terms of the specific controlling the general, you might apply that rule in that case. Also, in terms of whether or not the appellees would have been able to receive attorney fees, it's not an equal sum game. That is to say that you, in regular contract interpretation, you construe against the drafter. In adhesion contracts, you construe even more against the drafter. So it's very conceivable that the appellants would get attorney fees under this ambiguous clause and that the appellees would not. That would be fair and it would be within the law. And those are the two points that I wanted to make, Your Honor. Thank you. Thank you. Thank you to both counsel.
judges: Wells, Fernandez, Rawlinson